## Philadelphia Hydraulic Works *versus* Schenck.

Le Van contracted to construct elevators for defendant according to a plan
specified ; before the work was finished Le Van abandoned it ; plaintiff con-
tracted to finish the work as " per contract" with Le Van ; should the amount
exceed $1000, Le Van agreed " to assume the excess."    The court charged
that the plaintiffs had put themselves into the shoes of Le Van and defendant
could make any defence against them which he could have made against Le
Van : *Held* to be error.

January 13th 1876.    Before AGNEW, C. J., SHARSWOOD,
MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the District Court of *Philadelphia :* Of January Term
1874, No. 67.

This was a scire facias sur mechanics' lien, by the "Philadelphia Hydraulic Works," against Joseph H. Schenck owner, being for the completion of elevating machines in a building of defendant.

On the 5th of June 1871, the defendant entered into a written contract with the firm of Le Van & Co., for the erection of two elevators in his storehouse ; one for passengers, and the other for goods ; the contract contained a number of specifications, setting out the plan, &c.

The contractors were to be paid $2800 for the passenger elevator, and $1700 for the goods elevator.

After having done about two-thirds of the work to the elevators, Le Van & Co. failed, and were unable to complete them. Le Van then went into the employ of plaintiffs, and applied to the defendant to give them the contract for finishing the elevators. In answer to this application the defendant wrote to plaintiff as follows :—

·       " Philadelphia, October 14th 1871.
PHILADELPHIA HYDRAULIC WORKS :

Gents.—You are hereby authorized *to complete the work on my elevators*, as per contract between Messrs. W. B. Le Van & Co. and myself, provided the charge for same does not exceed the amount now due to Messrs. W. B. Le Van & Co. on said contract, namely, one thousand dollars.   Should the amount exceed one thousand dollars, Messrs. Le Van & Co. agree to assume the excess.
          Yours, &c.,      J. H. SCHENCK."

The case was tried February 7th 1873.

The plaintiffs gave evidence that they had completed the work according to the plan in the contract of Le Van & Co. ; they worked under directions given them by Le Van, and the superintendent of Le Van & Co. ; plaintiffs only finished the work which Le Van & Co. had designed and partially finished ; they did not alter the design ; the principle of the machine was wrong ; but plaintiff's work was well done ; the defects were not discovered until the machines were finished.

The defendant gave evidence that the elevators worked badly, that it was from imperfect workmanship, and that they were not completed according to the plan.

The court charged the jury :—

That the plaintiff, by accepting the offer contained in the letter of October 14th 1871, and completing the machines under the authority conferred by it, placed themselves in the shoes of the original contractors, Messrs. Le Van & Co. ; and that any defence which would have availed the defendant, as against Le Van & Co., if they had finished the work, would be equally good as against the plaintiffs, without regard to whether the defects were in the original plan or in their own work ; and, as on all the evidence,

the machines are admitted to have been defective, the verdict should be for the defendant.

The verdict was for the defendant.

The plaintiffs took a writ of error and assigned the charge of the court for error.

*R. P. White,* for plaintiffs in error.

*W. S. Price,* for defendant in error.

Mr. Justice SHARSWOOD delivered the opinion of the court, January 31st 1876.

Le Van & Co. having agreed with the defendant to erect for him certain machinery according to a written specification, abandoned the work before it was finished. The defendant then made a contract with the plaintiffs "to complete the work as per contract" between W. B. Le Van & Co. and him. The plaintiffs went on and completed the work, and instituted their action in the court below to recover the amount which the defendant agreed to pay them. No question seems to have arisen on the trial as to the work done by the plaintiffs, but objection was made to their recovery on the ground that the work done by Le Van & Co. was defective, and prevented the proper operation of the machinery. The learned judge instructed the jury that the plaintiffs had placed themselves in the shoes of the original contractors, and that any defence which would have availed the defendant against them would be equally good as against the plaintiffs.

We think that in this there was error. The defendant took the unfinished work from the hands of the first contractors, and made a new agreement with the plaintiffs to finish it according to the specifications contained in the first contract. The first contract is referred to in the second, only for this purpose. Had the agreement of the plaintiffs been with Le Van & Co. to go on and complete the work, then indeed they would have stood in their shoes, and could have recovered nothing, except what Le Van would have been entitled to recover. Here, however, there was an entirely new contract, though the terms and specifications of the old contract were referred to, and incorporated in it as to the work to be done by the plaintiffs. There is not a word in the letter of the defendant accepted by the plaintiffs, which proves the contract, which can justify the conclusion that the plaintiffs had agreed to become responsible, either for the sufficiency of the plan, or of the work done by their predecessors. They were to complete the work, that is do what remained to be done, and if they performed their part in a skilful and workmanlike manner, why should they be answerable, either for the sufficiency of the plan, or for the work done by others ? It is true that what they were to receive

[Philadelphia Hydraulic Works v. Schenck.]

was not to exceed the amount which was due to Le Van & Co. had they gone on and finished the work—and it is said in defendant's letter, that if the amount of plaintiff's bill should exceed the sum thus due, Le Van & Co. agreed to answer the excess. We may assume that Le Van & Co. were parties to the arrangement, and did agree as stated in the letter. We can see nothing in this like an assignment by Le Van & Co. of the contract to the plaintiffs, and agreement by them to stand in their shoes. To make the builder of a house responsible for defects in the plan of the architect, would not be any worse, more unsupported by reason and authority, than to visit upon a man who has agreed to complete a work according to specifications, liability for the faults of others who have gone before him.

Judgment reversed and *venire facias de novo* awarded.